UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MALIBU MEDIA,

                Plaintiff,

-v-

DOE-68.173.148.235,

                Defendant.

No. 18-cv-5612 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiff filed this action against Defendant on June 21, 2018, alleging copyright infringement. (Doc. No. 1 ("Compl.").) Now before the Court is Plaintiff's motion for leave to serve a third-party subpoena pursuant to Federal Rule of Civil Procedure 26(d)(1) upon Defendant's internet service provider ("ISP") – in this case, Time Warner Cable – to ascertain Defendant's true identity. (Doc. No. 7.)

Generally "[a] party may not seek discovery" before a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). However, the rule allows for an exception to this general requirement in the case of a court order allowing for pre-conference discovery. *See id.* "When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts apply a flexible standard of reasonableness and good cause." *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86*, No. 16-cv-2642 (AJN), 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016) (quoting *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012)). Courts apply "particularly careful scrutiny" when expedited discovery is sought ex parte. *See Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005). The Second Circuit has identified five factors courts should consider when reviewing applications

for expedited discovery, including (1) whether the plaintiff has made a prima facie case of infringement, (2) the "specificity of the discovery request," (3) "the absence of alternative means to obtain" the requested information, (4) the "need for the subpoenaed information to advance" plaintiff's claim, and (5) the defendant's expectation of privacy. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (quoting *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004)).

A prima facie case of copyright infringement requires that plaintiff show: "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003). Here, Plaintiff has pleaded a prima facie case of infringement as it has alleged that it owns the copyright to the works in question (Compl. ¶¶ 31–32, Ex. A), and that Defendant copied the films (*id.* ¶¶ 4, 23, 30). Furthermore, the requested information is quite specific, as Plaintiff seeks only Defendant's "identity," which the Court construes to mean Defendant's name and postal addresses. The Court, in its familiarity with these cases, agrees that Plaintiff cannot obtain the requested information except through an ex parte discovery order. Nor can Plaintiff litigate its copyright infringement claim without identifying the alleged infringer. Finally, the Court concludes that Defendant does not have a privacy interest in blocking Plaintiff from identifying him or her. *See Arista Records*, 604 F.3d at 124.

Accordingly, the Court concludes that Plaintiff has satisfied its burden in demonstrating good cause to support the issuance of an ex parte Rule 26(d)(1) subpoena, and grants Plaintiff's motion.

IT IS HEREBY ORDERED THAT, no later than July 27, 2018, Plaintiff shall serve a Rule 45 subpoena on the ISP to obtain information to identify the Defendant's name and current

and permanent addresses. Plaintiff is expressly not permitted to subpoena the ISP for Defendant's email addresses or telephone numbers.

IT IS FURTHER ORDERED THAT Plaintiff shall serve a copy of this Order, along with the subpoena, on the ISP.

IT IS FURTHER ORDERED THAT the ISP will have until August 24, 2018 to serve Defendant with a copy of the subpoena and a copy of this Order. The ISP may serve Defendant using any reasonable means, including email or written notice sent to his or her last known address, transmitted either by first class mail or via overnight service.

IT IS FURTHER ORDERED THAT Defendant shall have until September 21, 2018 to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Additionally, if the Defendant or the ISP files a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously, the ISP may not turn over any information to Plaintiff until the motion(s) and/or request(s) has been addressed and the Court has issued an order instructing the ISP to resume turning over the requested discovery.

IT IS FURTHER ORDERED THAT Plaintiff's time to serve Defendant with the Complaint and Summons in this action shall be tolled as of the date of this order until such time as the Court issues an order instructing the ISP to turn over the requested discovery to Plaintiff.

IT IS FURTHER ORDERED THAT the ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

IT IS FURTHER ORDERED THAT the ISP shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If the

ISP receives a subpoena and elects to charge for the costs of production, the ISP shall provide a billing summary and cost report to Plaintiff after providing the information.

IT IS FURTHER ORDERED THAT any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

The Clerk of Court is respectfully requested to terminate the motions pending at docket number 7.

SO ORDERED.

Dated: July 18, 2018
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE